**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

AMARYLLIS PASCUAL,                           CASE NO. 15-13386-RBR
                                             CHAPTER 7
      Debtor.

_____/

## MOTION FOR CONTEMPT AND SANCTIONS AGAINST STEPHANIE SYLVIA MATHYSEN-GERST A/K/A STEPHANIE MATHYSEN AND STUART REED, ESQUIRE AND THE FIRM OF LAW & MEDIATION, LLC

Debtor, AMARYLLIS PASCUAL, by and through undersigned counsel, hereby files this Motion for Contempt and Sanctions against Stephanie Sylvia Mathysen-Gerst a/k/a Stephanie Mathysen ("Mathysen") and Stuart Reed, Esquire and the Firm of Law & Mediation, LLC and would state:

1.      The Debtor filed a voluntary petition under Chapter 7 under the Bankruptcy Code on February 25, 2015.

2.      On November 25, 2015, the Debtor filed amended schedules to include additional creditors, including but not limited to, Mathysen.

3.      On December 22, 2015, approximately one month later, the Debtor received her discharge.

4.      On or about May 31, 2016, Mathysen filed a Complaint for Breach of Contract against the Debtor in the County of Court in and for Miami-Dade County, Florida. A copy of it is attached hereto and incorporated herein as Exhibit "A".

5.      In Paragraph 19 of Exhibit "A", Mathysen specifically acknowledges that she received notice of the bankruptcy, although claiming the first notice she received was December 22, 2015, the date of discharge.

6.      Despite having knowledge, at least as of December 22, 2015, six months later, and without receiving stay relief, or taking any appropriate measures before this Court, Mathysen filed her Complaint.

7.      Upon becoming aware of this Complaint, on or about June 17, 2016, undersigned counsel contacted Mathysen's counsel and requested that they dismiss the action.  Rather than comply, a series of emails were exchanged after which Mathysen still refused to dismiss the Complaint.

8.      Undersigned Counsel even went so far as to contact the Trustee so that he could assure Mathysen that, in this asset case, she could file a Motion to allow an untimely claim as timely and the Trustee would have no objection.  This would allow Mathysen to share in any distribution.  Once again rather the dismiss the suit, Mathysen elected to proceed.

9.      Undersigned Counsel filed a Suggestion of Bankruptcy in the State Court to put the Court on Notice of this Bankruptcy.  Mathysen continues to try to move the case forward.

10.     The continued prosecution of this action, a knowing violation of the §524 injunction, is grounds for this Court to issue a contempt order against the Plaintiff, her attorney, Stuart Reed, and the Firm of Law & Mediation, LLC.

WHEREFORE, Debtor, AMARYLLIS PASCUAL, hereby requests this Court enter an Order holding the Plaintiff and her Counsel in Contempt of Court, issuing sanctions in the form of attorney fees and costs, punitive damages and other relief the Court deems appropriate.

I HEREBY CERTIFY that a copy of the foregoing was furnished by regular mail or electronically where available to all parties on the attached list, this ___ day of July, 2016.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

RAPPAPORT OSBORNE RAPPAPORT & KIEM, PL
Attorneys for Debtor
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone:  (561) 368-2200

BY: ___/s/_____
LES OSBORNE, ESQ.
Florida Bar No. 823139

Service List

- Stefan Beuge    flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com
- Robert P Frankel    robert@frankelpa.com
- Andrew Fulton IV    andrew@kelleylawoffice.com, lyndia@kelleylawoffice.com,mary@kelleylawoffice.com,dana@kelleylawoffice.com,tina@kelleylawoffice.com
- Steven H Gaddy    FLSD.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com
- Craig I Kelley    craig@kelleylawoffice.com, lyndia@kelleylawoffice.com,mary@kelleylawoffice.com,dana@kelleylawoffice.com,tina@kelleylawoffice.com
- Harris J. Koroglu    hkoroglu@shutts.com, fsantelices@shutts.com
- Laudy Luna    ll@lgplaw.com, de@lgplaw.com
- Clive N. Morgan    cmorgan@penderlaw.com, pleadings@clivemorgan.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Grace E. Robson    grobson@mrthlaw.com, jgarey@mrthlaw.com,mrthbkc@gmail.com,lgener@mrthlaw.com
- Brian L Rosaler    hbehzadpour@popkinrosaler.com, cohayon@popkinrosaler.com,rcohn@popkinrosaler.com,mchong@popkinrosaler.com,msoto@popkinrosaler.com, hbehzadpour@popkinrosaler.com,cohayon@popkinrosaler.com,rcohn@popkinrosaler.com,mchong@popkinrosaler.com,msoto@popkinrosaler.com
- Mark E Steiner    MES@lgplaw.com, pm@lgplaw.com
- Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;antimm@simon.com;bankruptcy@simon.com

- Kenneth A
  Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court
  @trusteeservices.biz

Joel Blumberg
200 Butler St #307
West Palm Beach, FL 33407

Carrie Stoudemire
346 E Tuckey Ln
Phoenix, AZ 85012

Stuart Reed, Esq.
Attorney for Stephanie Sylvia Mathysen-Gerst,
a/k/a Stephanie Mathysen
Law & Mediation, LLC
3001 W Hallandale Beach Blvd., Suite 304
Hallandale Beach, FL 33009
stuartreedesq@aol.com

Filing # 42127503 E-Filed 05/31/2016 01:31:51 PM

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEPHANIE SYLVIA MATHYSEN-,                    CASE NO.:
GERST a/k/a STEPHANIE MATHYSEN,

     Plaintiff,

vs.

AMARYLLIS PASCUAL,
d/b/a PASCUAL MD BEAUTY
AND WELLNESS CENTER, an
unregistered fictitious name, and
d/b/a PASCUALMD COSMETIC
SURGERY & WEIGHT LOSS
CENTER an unregistered fictitious
name,

     Defendant.

_____/

## COMPLAINT – BREACH OF CONTRACT

Plaintiff, STEPHANIE SYLVIA MATHYSEN-GERST a/k/a STEPHANIE MATHYSEN,

sues Defendant, AMARYLLIS PASCUAL, d/b/a PASCUAL MD BEAUTY AND

WELLNESS CENTER, an unregistered fictitious name, and states:

1. This is an action for damages that are greater than $5,000 but less than

   $15,000.00, excluding legal costs and expenses;

2. All events material to this action occurred in Miami-Dade County, Florida.

3. Plaintiff, STEPHANIE SYLVIA MATHYSEN-GERST a/k/a STEPHANIE

   MATHYSEN (hereafter "Mathysen"), is sui juris and resides in Miami-Dade

   County, Florida.

4. Defendant, AMARYLLIS PASCUAL, d/b/a PASCUAL MD BEAUTY AND

   WELLNESS CENTER, an unregistered fictitious name (hereafter "Pascual"), is

   sui juris and does business in Miami-Dade County, Florida.

**Exhibit "A"**

5. Pascual is a plastic surgeon who was engaged in the business of providing cosmetic surgery services in Aventura, Miami-Dade County, Florida, at all times material to this Complaint.

6. On or around January 27, 2012, Mathysen consulted with Pascual about obtaining cosmetic surgery services from Pascual.

7. Pascual offered to Mathysen to provide liposuction and other cosmetic surgery services for the total cost of $7,500.00 (which included a $500 anesthesiology charge that Mathysen was instructed to pay directly to the anesthesiologist prior to the procedure).

8. Mathysen accepted the offer and paid Pascual $7,000.00 in full (Mathysen paid $4,000 to Pascual on January 27, 2012, and $3,000 on February 1, 2012).

9. At the time when Mathysen accepted Pascual's offer, Mathysen signed a contract that identified the services to be provided, and stated, in part, that the "total excluding future services" was "$3,000.00 ($4,500.00)", and that:

> $1000 Deposit is required to schedule the procedure. Deposit is non-refundable. Balance of Procedure must be paid fourteen days prior to procedure. If procedure is cancelled within fourteen days prior to surgery, a credit will be issued minus the $1,000 non-refundable deposit. All other cancellations will be reviewed and credited to our discretion. I have read and understand the refund policy.

At the time when Mathysen signed Pascual's contract, Mathysen also signed Pascals' Lipsuction Surgery Operative Consent Form which stated, in part:

> If procedure is cancelled within fourteen days prior to surgery, a credit will be issued minus the $1,000 non-refundable deposit. All other cancellations will be reviewed and credited to our discretion. I have read and understand refund policy.

2

Copies of the signed contract and consent form are attached hereto as Exhibit A.

10. After Mathysen paid Pascual's $7,000.00 fee in full, Mathysen was informed by Pascual that the surgery would not be performed until sometime after August 2012 because Pascual was pregnant and her expected delivery date was in August, 2012.

11. Mathysen thereafter scheduled her cosmetic surgery with Pascual to be performed on April 27, 2013.

12. On or around April 3, 2013, the procedure was cancelled by Mathysen because she had plans to travel abroad and was nervous about having the surgery so close to the date when she planned to travel.

13. Mathysen was unable to make another appointment with Pascual until August 31, 2015, after Pascual had closed her office and stopped working earlier that year and resumed working sometime thereafter with ResultsMD, LLC, d/b/a ResultsMD Plastic Surgery in South Miami, Florida.

14. At her appointment with Pascual on August 31, 2015 at her office with ResultsMD, LLC, Mathysen was notified that contrary to the terms of the contract the total cost of the procedure would be $9,500.00, and that Mathysen only had a $4,500.00 credit for the procedure from her payments to Pascual's prior office.

15. Pascual breached her contract with Mathysen by a) refusing to credit Mathysen in the amount of $6,000.00, as Mathysen paid $7,000.00 to Pascual, she cancelled the procedure with more than fourteen (14) days' notice, and both the contract and consent form state that a "$1,000.00 non-refundable deposit" would

3

be retained if the procedure would be cancelled within at least fourteen days notice, and b) refusing to perform the services for the price stated in the parties' contract, and demanding $2,500.00 more than the contract price.

16. All together, with the reduced credit and the increased cost for the procedure, Pascual demanded an additional $5,000.00 to perform the surgery although Mathysen had already paid for it in full in the sum of $7,000.00.

17. Mathysen demanded that Pascual provide her with the services at the $7,000.00 contractual price that she had already paid in full, with only $1,000.00 retained for the procedure scheduled for April 2013 that Mathysen had cancelled, but Pascual refused to perform the contracted services to Mathysen unless an additional $5,000.00 would be paid.

18. Due to the fact that Pascual breached the contract by refusing to perform the contracted services at the contracted price, Mathysen requested a refund, but Pascual refused.

19. On February 25, 2015, Pascual filed a bankruptcy petition, and an Order of Discharge of Debtor was entered on December 22, 2015. Although the Order of Discharge of Debtor was mailed to Mathysen, she did not receive any prior notices and had no knowledge whatsoever about the bankruptcy proceedings because a) Pascual failed to list Mathysen as a creditor when Pascual filed the bankruptcy petition, b) the notice of deadline to file a proof of claim was never mailed to Mathysen (her name was not on the list of creditors and does not appear on the clerk of court's certificate of service), and c) the notice of the creditors' meeting was never mailed to Mathysen (her name was not on the list of

4

creditors and does not appear on the clerk of court's certificate of service).
Accordingly, Pascual's debt to Mathysen was not discharged in the bankruptcy
proceeding. See In re Manzanares, 345 B.R. 773, 782 (Bankr. S.D. Fla. 2006)
("there is an exception to discharge for a certain category of debts: namely, those
which the debtor did not schedule ... the debtor has an "absolute duty" to identify
all persons or entities which may hold or assert claims against the estate. The
purpose of this obligation is to provide "adequate notice" to creditors of the
potential effect the bankruptcy might have on their rights.") and In re Anchor
Glass Container Corp., 325 B.R. 892, 895-96 (Bankr. M.D. Fla. 2005) ("If the
debtor knows of a creditor's claim and the debtor fails to give actual notice of the
claims bar date, Section 1141 of the Bankruptcy Code does not discharge the
debt of the creditor").

20. Mathysen was damaged by Pascual's breach of the parties' contract.

WHEREFORE, Plaintiff, STEPHANIE MATHYSEN, demands the entry of a
judgment against Defendant, AMARYLLIS PASCUAL, d/b/a PASCUAL MD BEAUTY
AND WELLNESS CENTER, an unregistered fictitious name, for damages, pre-judgment
interest, court costs and reasonable attorney's fees.

Respectfully submitted,

By:    /S/ Stuart Reed
   Stuart Reed, Esq.
   Fla. Bar No. 0968312
   Legal and Compliance, LLC
   3001 W. Hallandale Beach Blvd., Suite 304
   Hallandale Beach, FL 33009
   Tel: (954) 874-2935
   Fax: (877) 937-9475
   StuartReedEsq@aol.com

# EXHIBIT A

6



Include
1 — garment
— Viel
— +5 US
— Smooth shape

Patient Name: __Sloane sylvia__                           Date: 1/27/12
Area(s) to be treated: _D + C + P_

Total existing future services:
$   3,000.00  (4,500.00)

Anesthesia Fee $
Ultrasound/Lipomassages $80 (Package of 10 – $600)
Smooth Shape $200 (Package of 8 – $1,400)
HCG Program 21-day $299    40 - day $399
Additional Garment $100-$150
Garment Foam: $12

$1000 Deposit is required to schedule the procedure. Deposit is non- refundable. Balance of procedure must be paid fourteen days prior to procedure. If procedure is cancelled within fourteen days prior to surgery, a credit will be issued minus the $1,000 non-refundable deposit. All other cancellations will be reviewed and credited to our discretion. I have read and understand refund policy.



## Liposuction Surgery Operative Consent Form

I have had the opportunity to ask questions about the procedure, its limitations and possible complications. By placing my initials next to the following items, I express that I clearly understand and accept the following myself or through my legal guardian.

1.) The goal of liposuction surgery, as in any other cosmetic procedure, is improvement of appearance, not perfection. It does not guarantee the reduction of any measurements, including the neck, waist and all other areas.

2.) The final results will not be apparent for 4 – 6 months post-operatively. There is no guarantee that the expected or anticipated results will be achieved.

3.) In order to achieve the best possible results, a "touch-up" procedure may be required. There will be a supply cost charge to you which ranges from $1000 and up at the Doctor's discretion.

4.) Areas of "cottage cheese" texture (cellulite) will have little change after liposuction surgery.

5.) Liposuction surgery is a body contouring procedure and is not performed for purpose of weight reduction.

6.) Strict adherence to the post-operative regimen discussed by Dr. Pascual (wearing an elastic garment for at least 4-6 weeks, exercise, diet and all other regimens discussed) is necessary in order to achieve the best possible results.

7.) The surgical fee for the operation is paid two weeks prior to surgery.

Although complications following liposuction surgery are infrequent, by placing my initials next to the following, I understand that they may occur.

8.) Bleeding is rare, and in rare instances could require hospitalization and blood transfusion. It is possible that blood clots may form under the skin and require subsequent surgical drainage. A collection of lymph fluid may develop which will require drainage.

F\    3 # 42132172 E-Filed 05/31/2016 02:18:51 PM

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEPHANIE SYLVIA MATHYSEN-,               CASE NO.: 2016-008665-CC-23
GERST a/k/a STEPHANIE MATHYSEN,

     Plaintiff,

vs.

AMARYLLIS PASCUAL,
d/b/a PASCUAL MD BEAUTY
AND WELLNESS CENTER, an
unregistered fictitious name, and
d/b/a PASCUALMD COSMETIC
SURGERY & WEIGHT LOSS
CENTER an unregistered fictitious
name,

     Defendant.

_____/

6/15/16
2:08 PM
R.B
2216

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in
this action on Defendant,

#### AMARYLLIS PASCUAL at 4054 NW 85th Ave, Cooper City FL 33024

DATED on     5/31/2016
_____

                    Harvey Ruvin
                    As Clerk of the Court

                    18505

                    By _____
                        As Deputy Clerk

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached complaint with the clerk of this court
at 73 West Flagler Street, Miami FL 33130. A phone call will not protect you. Your written
response, including the case number given above and the names of the parties, must be
filed if you want the court to hear your side of the case. If you do not file your response on
time, you may lose the case, and your wages, money, and property may thereafter be taken
without further warning from the court. There are other legal requirements. You may want to

call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal a 73 West Flagler Street, Miami FL 33130. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal a 73 West Flagler Street, Miami FL 33130. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney:
Stuart Reed, Esq.
Fla. Bar No. 0966312
Law & Mediation, LLC
3001 W. Hallandale Beach Blvd., Suite 304
Hallandale Beach, Florida 33009
Tel: 954-874-2935
Fax: 877-937-9475
StuartReedEsq@aol.com